UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MOHAMED ELSAWAH, | ) | CASE NO. 09-85551-JEM |
| Debtor. | ) | CHAPTER 7 |
| _____ | ) | |

**TRUSTEE'S APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL**

COMES NOW Janet G. Watts, the duly qualified and acting trustee in this case (the "Applicant"), and, pursuant to 11 U.S.C. §327(e) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, shows the Court as follows:

1.

On September 30, 2009, the above-named Debtor filed a Chapter 13 voluntary petition for relief. On December 16, 2009, the Chapter 13 petition was converted to a Chapter 7. Applicant became permanent trustee following the meeting of creditors.

2.

To administer this case in a proper, efficient and economical manner, the Applicant requires the services of legal counsel for a specified purpose, to-wit: representation of Debtor's claims for personal injuries suffered by Debtor as a result of a slip and fall which occurred on or about July 1, 2009.

3.

Applicant shows that it is necessary to retain an attorney to render the following legal services:

    (a)    Notify potential liable parties and negotiate settlement of the claim.

    (b)    If unable to settle the claim, filing of a Complaint and prosecution of Debtor's claims in courts vested with jurisdiction over such claims;

    (c)    Pretrial discovery including depositions of parties and witnesses in the case;

    (d)    Hearing of the cause of action if a settlement cannot be achieved.

4.

Applicant requires legal counsel to provide legal services in connection with the foregoing matters and to advise the Applicant on other legal matters incident thereto.

5.

Applicant wishes to employ William C. Gentry, Gentry, Smith, Dettmering, Morgan & Schnatmeier, LLP, 278 North Marietta Parkway, Marietta, Georgia, 30060, (770) 425-5573, as Applicant's attorney herein. Applicant shows that the attorney is admitted to practice in this Court, has knowledge and experience with regard to the matters in which he is to be engaged and is well-qualified to represent the Applicant. Mr. Gentry's Georgia bar number is 289905. The Verification under Bankruptcy Rule 2014 is attached hereto as Exhibit "A". Debtor has agreed to compensate Applicant according to the following terms subject to court approval: Attorney's fees shall be a sum equal to thirty-three and one-third percent (33 1/3%) of all amounts received by compromise of judgment as allowed by state law, plus costs advanced by the attorney in the prosecution of the claim. A true and correct copy of the contract signed by debtor is attached hereto and made a part hereof by reference.

6.

To the best of Applicant's knowledge, William C. Gentry represents no interest adverse to Applicant, Debtor or this estate in the matters upon which he is to be engaged. Said attorney is a disinterested person under 11 U.S.C. §101(14) with regard to the matters upon which he is to be engaged and the appointment of William C. Gentry will be in the best interests of this estate, the Debtor, creditors and other parties in interest.

WHEREFORE, Applicant prays for authority to retain and employ William C. Gentry in this case for the purposes specified herein above and that Applicant have such other and further relief as may be just and proper.

Respectfully submitted this the 26th day of March, 2010.

/s/ Janet G. Watts
_____
JANET G. WATTS
Chapter 7 Trustee

600 Glynn Street North
Suite C
Fayetteville, GA 30214
(770) 461-1320

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NUMBER: 09-85551 |
| MOHAMED ELSAWAH, ) | |
| ) | CHAPTER: 7 |
| Debtor. ) | |
| ) | |
| ) | |

## VERIFICATION UNDER BANKRUPTCY RULE 2014

NOW COMES William C. Gentry, who has been asked to represent the Trustee as Special Counsel for Debtor in his personal injury case, and certifies under penalty of perjury that the following facts are true:

1.

I am an attorney lawfully admitted to practice in the State of Georgia. My law firm is located at:

Gentry, Smith, Dettmering, Morgan & Schnatmeier, LLP
278 North Marietta Parkway
Marietta, GA 30060
(770) 425-5573

2.

The undersigned has no connection with the above-named Debtor, attorneys, creditors, any party at interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee; except that the Undersigned will counsel with and represent Debtor in performing services as Special Counsel.

3.

The undersigned represents no interest which would be adverse to this estate in the

matters upon which he is to be engaged.

I, William C. Gentry, declare under penalty of perjury, that the statements set forth herein are true and correct to the best of my information and belief.

_____          2/19/10
William C. Gentry                        Date
Georgia Bar No. 289905
Gentry, Smith, Dettmering,
  Morgan & Schnatmeier, LLP
278 North Marietta Parkway
Marietta, GA 30060
(770) 425-5573

## Contract for Legal Representation – Costs Plus Contingency/Percentage of Recovery

In consideration of the legal services to be rendered by **WILLIAM C. GENTRY and Gentry, Smith, Dettmering, Morgan & Schnatmeier, LLP** (hereinafter called "Attorney"), for any and all claims (hereinafter called "Claims") that _Mohamed Elsawah_ _____ (hereinafter called "Client"), may have against any underinsured/uninsured insurer and the parties responsible for the personal injuries and other damages (excluding motor vehicle property damages) sustained by Client on or about _7/1/09_ in the County of _Fulton_, Georgia, Client does employ Attorney to commence and prosecute such Claims and does assign to Attorney a lien on any gross settlement or judgment (hereinafter called "Gross Award"): (1) If Claim is settled before suit is filed, _33 1/3_ %; (2) If Claim is settled after suit is filed, but before Attorney receives notice that case has been scheduled for trial or a pre-trial hearing, _33 1/3_ %; or (3) If settled thereafter or if resolved by judgment, _33 1/3_ %.

**In addition, Attorney and Client agree the following terms shall also apply in this contract:**

(1) All litigation and other expenses incurred are the responsibility of the Client. In the event Attorney shall advance any litigation or other expenses on behalf of Client, any such expenditures shall be repaid by Client. Such expenditures are to be deducted from Client's share of the gross award after Attorney's contingent fee share has been calculated on the gross award and paid to Attorney. Photocopies will be billed at the rate of 20¢ each, which includes the cost of the photocopy and the associated labor cost in making the copy.

(2) In the event of a structured settlement of Claims, Attorney's fee shall be calculated on the present value of the gross award.

(3) Medical expenses of Client are not litigation costs and are the responsibility of Client. Client irrevocably authorizes Attorney to pay any or all unpaid medical expenses of Client from Client's share of any gross award in the Claims. If Client has signed a lien or letter of protection in favor of any lien holder and Attorney receives a copy of such lien or letter of protection signed by Client, Client irrevocably authorizes Attorney to honor and pay such lien from Client's share of any gross award in the Claims.

(4) Attorney, in his absolute discretion, may withdraw at any time from the Claims if investigation discloses no insurance coverage, Client breaches any provisions of this Contract, or in the sole opinion of Attorney, the likelihood of recovery is not sufficient to warrant proceeding further. Associate counsel may be employed with the agreement of Client and Attorney.

(5) Client agrees to keep Attorney advised of Client's whereabouts at all times, to cooperate in the preparation and trial of the Claims, to appear on reasonable notice for depositions and court appearances, and to comply with all reasonable requests made of Client.

(6) Client hereby authorizes Attorney to turn all information, including doctor's reports, hospital records, and photographs over to any adversarial party.

(7) Attorney has made no representation to client as to what amounts, if any, Client may be entitled to recover in the Claims.

(8) Client may dismiss Attorney by giving written notice to Attorney. Client must pay Attorney for costs, expenses, and legal services rendered to the date of the Attorney's receipt of such dismissal notice. Client and Attorney expressly agree upon the following method of valuing Attorney's legal services in the event Client dismisses Attorney prior to the conclusion of Client's Claims. The value of Attorney's legal services will be the greatest amount produced by any one of the following three methods: (a) Attorney's time devoted to the Claims at the hourly rate of $300.00 per hour; or (b) the applicable percentage of lien due Attorney under this Contract of the highest offer that was made by any adversary or collateral party; or (c) the applicable percentage of lien due Attorney under this Contract of any Gross Award obtained by Client.

(9) Federal and state law regarding the issue of the Client's obligation to reimburse (or pay back) government programs or health or auto insurers who have paid some or all of Client's medical bills related to Client's personal injuries (such as Medicare, Medicaid, health insurance, workers compensation insurers, automobile insurance company under medical payments coverage, Champus/Tri-Care, etc.) is constantly changing because of on-going action by the legislature and the courts and because of changes in health and auto insurance policy provisions. Client understands that paying for his or her medical bills and reimbursing third parties who have paid his or her medical bills is the Client's sole responsibility, and Client agrees to indemnify and hold Attorney harmless from any claims made against Attorney by any third parties for reimbursement or subrogation for the third parties' payment of Client's medical bills.

(10) Once Client's case has been concluded, the Attorney will retain the closed file for seven years. The closed file may be destroyed seven years after Client's case is closed. If Client wants to retain any documents from the closed file, then Client must make a written request to Attorney at the conclusion of Client's case.

This the _25_ day of _November_, 20_09_

_Mohamed Elsawah._
CLIENT   _M.P. Elsawah_

CLIENT
_[signature]_
ATTORNEY

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Trustee's Application for Employment of Special Counsel and Proposed Order by depositing in the United States Mail, postage prepaid, addressed as follows:

United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, GA 30303

This the 26th day of March, 2010.

/s/ _____
JANET G. WATTS